[Cite as *In re Appt. of Special Prosecutor*, 2024-Ohio-3258.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In re: Appointment of Special Prosecutor Regarding Actions of City of Columbus Mayor Andrew Ginther on October 10-11, 2023, | : : : : | No. 24AP-127 (C.P.C. No. 24MS-0042) |
| Movant-Appellant, | : | (ACCELERATED CALENDAR) |
| v. | : | |
| City of Columbus, Ohio et al., | : | |
| Respondents-Appellees. | : | |

D E C I S I O N

Rendered on August 27, 2024

**On brief:** *Phillip L. Harmon*, for appellant. **Argued:** *Phillip L. Harmon.*

**On brief:** *Zachary M. Klein*, City Attorney, *Melanie R. Tobias*, *Orly Ahroni*, and *David Pelletier*, for appellee. **Argued:** *Orly Ahroni.*

APPEAL from the Franklin County Court of Common Pleas

LELAND, J.

{¶ 1} Movant-appellant, Joe Motil, appeals from judgments of the Franklin County Court of Common Pleas rejecting appellant's request to appoint a special prosecutor, granting the motion to strike filed by respondent-appellee City of Columbus, and denying appellant's other outstanding motions.

## I. Facts and Procedural History

{¶ 2}   On December 20, 2023, appellant filed an R.C. 2935.09(D) private citizen affidavit against the mayor of Columbus, Ohio Andrew Ginther ("Mayor Ginther"), alleging he committed two crimes: obstructing official business, a violation of R.C. 2921.31, and interfering with civil rights, a violation of R.C. 2921.45.  Appellant's affidavit included three demands he had previously made of the city attorney: (1) recuse himself from any legal representation of Mayor Ginther, (2) refer Mayor Ginther's conduct to the Ohio Bureau of Criminal Investigation, and (3) secure the appointment of a special prosecutor to review the case.  The next day, December 21, 2023, the city attorney's office appointed a special prosecutor to investigate the allegations against Mayor Ginther.

{¶ 3}   On January 4, 2024, appellant filed a motion requesting the trial court, pursuant to R.C. 2941.63 and its inherent authority, appoint a special prosecutor to review Mayor Ginther's actions on October 10 and 11, 2023.  On January 5, 2024, the city filed a motion to dismiss, reasoning appellant lacked standing to make filings in the trial court.  On January 18, 2024, the trial court denied appellant's motion to appoint a special prosecutor, reasoning: (1) R.C. 2941.63 does not apply to the proceedings, and (2) R.C. 2935.09 and 2935.10 do not grant party status to an affiant filing under those statutes.

{¶ 4}   On January 21, 2024, appellant filed a motion for reconsideration and a motion to transfer the case to the Franklin County Municipal Court.  In reply, on January 23, 2024, the city filed a motion to strike.  The trial court granted the city's motion to strike and denied appellant's motions on January 24, 2024.

{¶ 5}   Appellant timely appeals.

## II. Assignment of Error

{¶ 6}   Appellant presents the following sole assignment of error for our review:

> The trial court erred as a matter of law by failing to appoint a special prosecutor to investigate the actions of City of Columbus Mayor Andrew Ginther on October 10-11, 2023.

## III. Analysis

{¶ 7}   In this case, appellant initially sought the appointment of a special prosecutor to review whether there was a viable criminal case to bring against Mayor Ginther.  The city attorney's office complied with that request and appointed a special prosecutor.  Then, appellant made an additional demand—not only did he seek the appointment of a special

prosecutor, but he wanted a different authority to appoint a special prosecutor more to his liking. None of the applicable statutes, however, empowers appellant to dictate the procedures that follow his allegations of criminal wrongdoing. As a private citizen affiant under R.C. 2935.09(D), appellant has no ability to handpick a prosecuting attorney.

{¶ 8} Appellant's sole assignment of error contends the trial court erred by failing to appoint a special prosecutor. In support of this position, appellant claims R.C. 2941.63 granted the trial court jurisdiction to make such an appointment. The statute in relevant part reads: "[t]he court of common pleas, * * * whenever it is of the opinion that the public interest requires it, may appoint an attorney to assist the prosecuting attorney in the trial of a case pending in such court." R.C. 2941.63. "The statute contains two requirements: (1) that the court finds such an appointment is required in the public interest and (2) that the appointment is made for a pending case." *State ex rel. Williams v. Valesky*, 9th Dist. No. 3364 (Dec. 8, 1982). Here, the undisputed evidence shows there was no pending criminal case. Thus, R.C. 2941.63 did not provide the trial court with jurisdiction to appoint a special prosecutor. The trial court accordingly did not err in denying appellant's request to appoint a special prosecutor.

{¶ 9} Appellant also maintains the trial court erred in failing to conduct a hearing to determine whether the special prosecutor had a conflict of interest. He asserts the trial court had an "affirmative duty" to investigate any suspected conflicts of interest. *State ex rel. Corral v. Vitantonio*, 8th Dist. No. 108880, 2020-Ohio-36, ¶ 13, citing *State v. Gillard*, 64 Ohio St.3d 304 (1992), syllabus. There is no suggestion, however, that any statute mandates the trial court conduct such an investigation. Indeed, it is difficult to imagine any such obligation in the present case because there was no pending case before the trial court. There exists no authority whatsoever that requires a trial court, without a case pending, to conduct a hearing to determine whether a special prosecutor investigating alleged criminal activities under R.C. 2935.09(D) and 2935.10(B) had a conflict of interest. Appellant fails to adequately support this claim of error. Accordingly, the trial court did not err by declining to hold a hearing on the special prosecutor's alleged conflicts of interest.

{¶ 10} Lastly, the parties disputed whether appellant was ever a party capable of filing motions in the trial court. Appellant's party status, however, is immaterial to the fact

the trial court correctly rejected his request to appoint a special prosecutor—the only purported error presently on appeal.

{¶ 11} Thus, appellant's sole assignment of error is overruled.

## IV. Conclusion

{¶ 12} Based on the foregoing reasons, we overrule appellant's sole assignment of error and affirm the judgments of the Franklin County Court of Common Pleas.

*Judgments affirmed.*

DORRIAN and JAMISON, JJ., concur.